IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**DREXEL McCURTY,** :
:
    **Plaintiff,** : Case No. 5:22-CV-00051-MTT-MSH
:
    v. :
:
**LT. TROTMAN,** *et al.***,** :
:
    **Defendants.** :

# ORDER

*Pro se* Plaintiff Drexel McCurty, a prisoner confined in Baldwin State Prison in Hardwick, Georgia filed a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis*. ECF No. 2. On February 22, 2022, Plaintiff was ordered to recast his complaint on a § 1983 form and was provided detailed instructions on how to do so. ECF No. 4. Plaintiff was further ordered to either submit the statutory documents to support his motion to proceed *in forma pauperis* or pay the full filing fee. *Id*. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of his action. *Id*. Plaintiff failed to follow the Court's order but instead responded with an unsigned letter[1]. *See id*. at 5.

---

[1] On March 10, 2022, the Clerk of Court issued to the Plaintiff a deficiency notice pursuant to F.R.Civ.P. 11 which stated; "Every pleading, written motion and other papers must be signed by a party personally if the party is unrepresented. You must re-file your signed document within 21 days from the date of this notice. Failure to comply with this notice may result in dismissal of your case by the Court". On April 1, 2022, Plaintiff refiled the same letter, however, this time with his signature. *See* ECF No. 7. The letters in no way address the issues raised in the Court's order to recast on the standard form and to submit an account statement.

The letter, much like Plaintiff's original complaint, vaguely describes allegations regarding lack of medical treatment without attributing claims to any Defendant. *Id*.

Therefore, on March 15, 2022, the Court notified Plaintiff that it had not received a recast complaint on the standard form nor a complete motion to proceed *in forma pauperis* with the statutory supporting documentation. ECF No. 6. The Court ordered Plaintiff to show cause why his action should not be dismissed for failure to comply with the Court's previous order. *Id*. The Court unambiguously informed Plaintiff that his action would be dismissed if he failed to respond. *Id*. Plaintiff was given fourteen (14) days to respond. *Id*. Plaintiff has still failed to recast his complaint as instructed or address the filing fee and the deficient motion to proceed *in forma pauperis*.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute his case, his complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED,** this 6th day of April, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
